IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3101 |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID LEE WALTERS, | ) | MEMORANDUM AND ORDER ON |
| | ) | OBJECTIONS TO REVISED |
| Defendant. | ) | PRESENTENCE INVESTIGATION |
| | ) | REPORT |

Objections to the Revised Presentence Investigation Report have been made by the defendant's counsel to paragraphs 7, 17, 18, 19, 20, 22, 23, 25, 32, 34, 35, 36, 37, 38, 39, 40, 41, 42, 44, 45, 51, and 125, as well as the related conclusions in other paragraphs that are based upon these paragraphs. He also asks for an evidentiary hearing to allow sufficient time, approximately two hours, for oral testimony. The government has not made any formal objection, but made a statement, saying:

> The Presentence Report finds the defendant responsible for an amount of drugs greater than that set out in the plea agreement. It also increases the defendant's offense level by two for possession of a dangerous weapon although the plea agreement is to the contrary. I understand that the increase in weight and the firearm assessment come about as a result of information provided by Walters during a proffer interview. That interview initially was protected by the state plea agreement Walters signed. Unfortunately, when Walters stole and possessed meth while working with law enforcement, the agreement was breeched and the protection it afforded his proffer statements vanished.
>
> The government's version of the offense does not include any of the incriminating information Walters gave during his proffer in the state case. However, I can not fault your (the probation officer's) use of that information as you are charged with completing an independent assessment of the facts and a [sic] I believe you have done just that.

The government has said in its Statement of Position that, "If the defendant continues in

his objections, the United States would request time to present the oral testimony of the following individuals at the sentencing hearing: Daryl Duncan, Kenny Caldwell, Donnie Bohlke, Nichole Hope, Investigator Rodriguez and Karrie Penfold." Oral testimony was also requested of Investigator Niemeyer, and Detective Sergeant Michael Garnett. Anticipated was four hours in toto. The government also requests, if necessary, for an additional witness to testify regarding monies in the amount of $5,000.

As to the objection to paragraph 7 of the Revised Presentence Investigation Report, I tentatively find that neither the State's Proffer Agreement dated March 27, 2008, and signed April 4, 2008, nor the interview of September 22, 2008, prohibits the use of statements made in that Proffer Agreement or the interview of September 22, 2008. Accordingly, the objections to paragraphs 7, 35, 36, 37, 38, 39, 40, 41, and 42 and the conclusions in paragraphs 44, 45, 51, and 125 tentatively are overruled. In the statement in paragraph 5 of the Plea Agreement, filing 30, that "The United States agrees that the Defendant will not be federally prosecuted in the District of Nebraska for any drug trafficking crimes which the Defendant reported to law enforcement during interview(s) on or after September 22, 2008, <u>other than as set forth in paragraph numbered one (1), above</u>" means the charge in this present case.

The objections to paragraphs 17, 18, and 19 go to the weight of drugs. Resolution apparently will require an evidentiary hearing.

The objection to paragraph 22 is to dispute the assessment of the 3.8 grams mentioned. The resolution will require an evidentiary hearing. The defendant accepts responsibility for the marijuana, baggies, syringes and other paraphernalia.

The objection to paragraph 23 goes to the weight assessment of .9 grams. Resolution will

require an evidentiary hearing.

The objection to paragraph 25 will require an evidentiary hearing. It goes to the issue of the custody and purpose of the $5,000.

The objection to paragraph 32 will require a factual finding by an evidentiary hearing.

As to the objection to paragraph 34, the only place I can see where there is inclusion of paragraph 34 in the objections is in the Addendum in the very first sentence under the heading **"By the Defendant."** Mr. Aman lists "34," but thereafter does not state the reason for the objection. Paragraph 34 has to do with the defendant's claimed violation of his state Plea Agreement on May 21, 2008. I tentatively, therefore, overrule the objection.

The objection to paragraph 45 is on the ground that the defendant's proffer statements of March 18, 2008, should not be relied upon. I tentatively overrule that objection.

The defendant objections to the conclusions of paragraph 51 *et seq*. and the assessment of a gun enhancement in paragraph 52 are on the basis of the "fruit of the poison tree." I tentatively overrule those objections. That issue may relate to the acceptance or not of the Plea Agreement, which provides that "The parties agree that the Defendant did not possess a firearm or other dangerous weapon in connection with the offense of conviction, pursuant to U.S.S.G. 2D1.1(b)(1).

I tentatively find that, in view of paragraph 8 of the Plea Agreement, filing 30, I shall need to decide whether issues are stated that fall within Rule 11(c)(B) of the Federal Rules of Criminal Procedure. If so, to that it appears I must advise the defendant that he has no right to withdraw the plea if I do not follow the recommendation or request involved, per Rule 11(c)(3)(B).

The request of the government in its Statement of Position, filing 38, to "incorporate, by reference, into this Statement of Position," its prior position regarding the assessment of controlled substances and use of a firearm by the defendant, is granted.

The request of the government to present oral testimony at the sentencing hearing of six or seven or eight witnesses is granted for an anticipated four hours.

The Plea Agreement of David Walters dated March 27, 2008, is received.

The request of the defendant that sufficient time (approximately two hours) for oral testimony at sentencing, if necessary, is granted.

The evidentiary hearing for resolution of objections will be held at the sentencing hearing.

Objections to these tentative findings may be made at the sentencing hearing, now set for March 31, 2009, at 12:15 p.m.

Dated March 24, 2009.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge